# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**DARIUS MYERS**                                                                       **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 3:21-cv-85-BJB**

**COMMONWEALTH OF KENTUCKY et al.**                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Darius Myers, a prisoner, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed, and he will be given the opportunity to amend his complaint.

### I. STATEMENT OF CLAIMS

Plaintiff is a pretrial detainee at Louisville Metro Corrections. Complaint (DN 1) at 1. He names as Defendants the Commonwealth of Kentucky and Louisville Metro Corrections. *Id.* He alleges that since April 2020 he has "been fighting a staph infection," which he refers to as "Mercer." *Id.* at 4. Presumably this means MRSA—methicillin-resistant staphylococcus aureus. Plaintiff explains that he had two surgeries on his ankle and that the infection is in his bone marrow and blood. *Id.*

Plaintiff states that after contracting the staph infection he was released from Louisville Metro Corrections to the home incarceration program (HIP). *Id.* He states that during his time in HIP he was able to "service [his] injury" and made progress fighting the infection, but that it "changed for the worse because HIP violated me on a false claim, placing me back in jail, [with]

no medication or rehabilitation to maintain my injury which after some period became worse."
*Id.*

As relief, Plaintiff requests monetary and punitive damages. *Id.* at 5.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *See, e.g.*, *Hill v. Lappin*, 630 F.3d 468, 470–72 (6th Cir. 2010). While a reviewing court must liberally construe *pro se* pleadings, *see id.* at 471; *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. ANALYSIS

Reading the complaint liberally, it appears that Plaintiff alleges a Fourteenth Amendment claim for deliberate indifference to his serious medical need, *i.e.*, treatment for a MRSA infection. Neither of the entities he names, however, are appropriate Defendants in this case.

***Commonwealth of Kentucky***

First, Plaintiff does not explain why the Commonwealth of Kentucky is a proper Defendant in this case. He is a county prisoner, not a state prisoner. *See, e.g.*, *Edwards v. Doe*, No. 3:06CV-P32-H, 2006 WL 1382242, at *1 n.1 (W.D. Ky. May 12, 2006) (explaining that

since the merger of the Louisville and Jefferson County governments in 2003, the former Jefferson County Jail is now known as the Louisville Metro Department of Corrections).

Second, § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  The U.S. Constitution's "Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Id.* (citations omitted).  The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not override the traditional sovereign immunity of the states, *Will*, 491 U.S. at 66.  Thus, the claim against the Commonwealth of Kentucky must be dismissed because it seeks monetary relief from a defendant that is immune from such relief.

***Louisville Metro Corrections***

Louisville Metro Corrections is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983.  *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983).  A county (here the Louisville Metro Government), not its constituent parts, would be  the proper defendant in a case like this. *See Keeling v. Louisville Metro Corr. Dep't*, No. 3:14-cv-P697, 2015 WL 3457847, at *5 (W.D. Ky. May 29, 2015); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself).  Because the Metro Government is a "person" for purposes of § 1983, such "[l]ocal

3

governing bodies … can be sued directly under § 1983." *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The Court will therefore construe the claims against Louisville Metro Corrections as brought against the Louisville Metro Government.

The Supreme Court has recognized that a municipal government is not automatically liable for "an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694; *id.* at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor.") (emphasis in original); *see also Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) (no vicarious liability for constitutional violations committed by city employees).

Instead, the municipality may be held liable only if the government itself is to blame for the unconstitutional acts—that is, if it adopted or ratified a policy or custom that caused the harm inflicted by its officers or employees. *Monell*, 436 U.S. at 694 ("the government as an entity is responsible under § 1983" only "when execution of a government's policy or custom … inflicts the injury"). Congress did not render municipalities liable, in other words, "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691.

Proving this requires a plaintiff to "point to a municipal 'policy or custom' and show that it was the 'moving force' behind the constitutional violation." *Crabbs v. Scott*, 800 F. App'x 332, 336 (6th Cir. 2020) (quoting *Monell*, 436 U.S. at 694). Here, Plaintiff has not identified a custom or policy which is responsible for the alleged constitutional deprivation related to his medical care. The Court, however, will allow Plaintiff an opportunity to file an amended complaint to name any individuals who allegedly are or were deliberately indifferent to a serious medical condition of the Plaintiff. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

4

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **DISMISSES** Plaintiff's claim against Louisville Metro Corrections pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and **DISMISSES** the claim against Defendant Commonwealth of Kentucky pursuant to 28 U.S.C. § 1915A(b)(2) for seeking relief from a defendant who is immune from such relief.

Additionally, the Court **ORDERS** that **within 30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint to name as Defendant(s) in their individual capacities any person(s) whom he alleges violated his constitutional rights by deliberate indifference to his serious medical condition.

The Court **DIRECTS** the Clerk of Court to place this case number and "Amended" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his use should he wish to amend the complaint.

The Court **WARNS** Plaintiff that failure to amend his complaint as instructed within the 30-day period may result in dismissal of this lawsuit for the reasons set forth in this Memorandum Opinion and Order.

Date: September 8, 2021

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
　　Jefferson County Attorney
B213.009